# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER TONE,** *et al.*, | : | Case No. 1:10-cv-891 |
| Plaintiffs, | : | |
| | | Chief Judge Susan J. Dlott |
| v. | : | |
| | | **ORDER DISMISSING CASE** |
| **THOMAS J. VILSACK, Secretary of the** | : | **WITHOUT PREJUDICE** |
| **Department of Agriculture,** *et al.*, | | |
| | : | |
| Defendants. | | |

Before the Court are two motions: (1) U.S. Bank's motion to dismiss (doc. 80) and (2) Plaintiffs Paul and Sharon Taulbee's motion for voluntary dismissal without prejudice (doc. 81). For the reasons that follow, the Court declines to exercise supplemental jurisdiction over the Taulbees' remaining state-law claim and instead **DISMISSES WITHOUT PREJUDICE** the Amended Complaint (doc. 19).

The factual background of this action is set forth in detail in this Court's prior order granting the Federal Defendants'[1] motion to dismiss Counts One through Seven and the Chase Defendants'[2] motion to dismiss Count Eight. (Doc. 76.) Briefly, Tone and the Taulbees each purchased homes with loans secured by the bank defendants and guaranteed by the Rural Housing Service ("RHS"). Both Tone and the Taulbees fell behind on their mortgage payments and were subsequently denied loan modifications by their respective banks. U.S. Bank initiated

---

[1] Thomas J. Vilsack, Secretary of the United States Department of Agriculture, Dallas Tonsanger, Undersecretary for Rural Development, Tammye Treviño, Administrator of the Rural Housing Service of USDA, and Rural Housing Service.
[2] JP Morgan Chase Bank, N.A. and Chase Home Financing, LLC.

1

foreclosure proceedings against the Taulbees on March 1, 2010 in the Butler County Court of Common Pleas.[3]

On December 15, 2010, Tone and the Taulbees filed suit against the Federal Defendants alleging a due process violation and violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, stemming from RHS's alleged failure to implement several statutory loan servicing and loss mitigation provisions for borrowers whose home loans are guaranteed by RHS. Plaintiffs also sued the Chase Defendants and U.S. Bank for breach of fiduciary duty, stemming from the banks' alleged refusal to consider Plaintiffs for loss mitigation programs promulgated by RHS.

On April 12, 2012, this Court dismissed the claims against the Federal Defendants and the Chase Defendants. (Doc. 76.) On April 17, 2012, U.S. Bank filed a motion to dismiss the Taulbees' remaining claim for breach of fiduciary duty. On May 7, 2012, the Taulbees moved for an order dismissing this action without prejudice pursuant to Rule 41(a)(2).

Having already dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, the Sixth Circuit has instructed that "if the federal claims are dismissed before trial, . . . the state claims generally should be dismissed as well." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (quoting *Taylor v. First of Am. Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir. 1992)). Thus, under § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the Taulbees' breach of fiduciary duty

---

[3] Case No. CV 2010 03 0958.

claim and instead **DISMISSES WITHOUT PREJUDICE** the Amended Complaint.

Both pending motions are **DENIED AS MOOT** (docs. 80 and 81).

IT IS SO ORDERED.

                                                  ___s/Susan J. Dlott_____
                                                  Chief Judge Susan J. Dlott
                                                  United States District Court